PRINEVILLE SAWMILL COMPANY, an Oregon corporation, Plaintiff—Appellant,

v.

LONGVIEW FIBRE COMPANY, a Washington corporation, Defendant—Appellee.

No. 03-35214.

D.C. No. CV-01-01073-AJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 4, 2004.

Decided May 11, 2004.

Silverman, Circuit Judge, dissented and filed opinion.

Gregory P. Lynch, Stanley D. Austin, Hurley Lynch & Re, PC, Bend, OR, for Plaintiff-Appellant.

Thomas W. Sondag, Charles J. Pruitt, George L. Kirklin, Lane Powell Spears Lubersky, LLP, Portland, OR, for Defendant-Appellee.

Before REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

MEMORANDUM *

Prineville Sawmill Co. appeals the district court's grant of summary judgment for Longview Fibre Co. We have jurisdiction pursuant to 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here except as necessary. For the reasons set forth below, we reverse and remand.

Viewing the 1999 settlement agreement in context, we conclude that Prineville had a reasonable expectation, based on the past performance of the parties, that

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Longview would not strictly enforce the ½ % bark content provision. In entering the 1999 settlement agreement, Prineville reasonably expected that Longview would not depart from its past practices and would accept chips similar to those accepted in the past. Fact questions sufficient to preclude summary judgment exist as to whether Longview was equitably estopped from adopting a new policy of strict enforcement of the ½% bark content provision, and as to Prineville's assertion that Longview's actions were part of a systematic and deliberate attempt to prevent Prineville from fully performing under the 1999 agreement—especially in light of the fact that the agreement was entered into as a result of Prineville's voluntarily dismissing its 1998 lawsuit with prejudice and Longview's agreeing to purchase chips from Prineville at an artificially inflated price. We therefore reverse the grant of summary judgment on the question of whether Longview breached the chip purchase agreement and remand for a trial on this issue.

We also reverse the grant of summary judgment on the question of whether Longview breached the option purchase agreement. The district court found that Prineville had failed to comply with the requirements of the agreement. However, while Prineville may not have technically fulfilled all of its obligations, we cannot say that this failure constituted a material breach of the agreement. We therefore also reverse the grant of summary judgment for Longview on the option purchase agreement and remand for this issue to proceed to trial.

**REVERSED AND REMANDED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

SILVERMAN, Circuit Judge, dissenting.

For the reasons ably set forth by the district judge, I would affirm.